IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-00586-PAB

CAROLYN BALDWIN, individually and as next friend of
J.D.B, Jr., her minor child,

    Plaintiffs,

v.

PELICAN REEF MANAGEMENT, LLC,

    Defendant.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on plaintiffs' amended complaint [Docket No. 8]. Plaintiffs state that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a). Docket No. 8 at 2, ¶ 6.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiffs assert that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts presently alleged are insufficient to establish the parties' citizenship.

The amended complaint states that plaintiffs are residents of Colorado and that Pelican Reef Management, LLC ("Pelican Reef") is a "corporation organized and existing under the laws of Texas" with its principal place of business in Texas. Docket No. 8 at 1-2, ¶¶ 2-4. The complaint further alleges that Pelican Reef is owned and operated by Charles Drake and Lori Ruddick who are "longtime residents of Texas." *Id.*, ¶ 5. These allegations are insufficient to establish the parties' citizenship for two reasons. First, "allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity." *Whitelock v. Leatherman*, 460 F.2d 507, 514

2

(10th Cir. 1972). The relevant inquiry is where the parties are domiciled. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Thus, for purposes of diversity jurisdiction, the residency of plaintiffs or members of Pelican Reef is not relevant. Second, although plaintiffs allege that Pelican Reef is a corporation, the name of Pelican Reef suggests that plaintiffs are incorrect. Pelican Reef's name ends with "LLC," meaning it is a limited liability company, not a corporation. The citizenship of an LLC is determined not by its state of organization or principal place of business, but by the citizenship of all of its members. *Id.* at 1237-38. Plaintiffs have not indicated whether Charles Drake and Lori Ruddick are members of Pelican Reef and whether Pelican Reef has other members. Plaintiffs have also not stated the identity and citizenship of Pelican Reef's members. Because the Court is currently unable to determine the citizenship of the parties and whether the Court has jurisdiction, it is

**ORDERED** that, on or before **5:00 p.m. on March 26, 2018**, plaintiffs shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED March 19, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge